# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

ROY DERKSEN and CAROL J. DERKSEN,

        Plaintiffs,

v.                                             Case No. 09-CV-588

RAUSCH STRUM ISRAEL & HORNIK SC,
BRANDON E. BOWLIN, GREGORY W. ENERSON,
JULIE A. RAUSCH, RYAN M. PETERSON,
JAMES P. RIEBE, and JOHN & JANE DOE,

        Defendants.

_____

# ORDER

On October 21, 2009, the *pro se* plaintiffs, Roy and Carol Derksen, filed an amended complaint against the law firm of Rausch Strum Israel & Hornik, S.C. ("Rausch") and several of its employees, alleging a series of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and the Wisconsin Consumer Act, Wis. Stat. § 427.102. (Docket #3). After the defendants filed an answer (Docket #9), discovery commenced. On July 7, 2010, a mere week before the deadline for conducting discovery set by this court's December 17, 2009 scheduling order (Docket #14), the plaintiffs filed a "motion to extend the time for discovery" and a "motion to compel." (Docket #27). A day later, the defendants filed a motion for summary judgment. (Docket #22). With the benefit of the parties' briefs, the court proceeds to resolve both pending motions.

The court first looks to the defendant's motion for summary judgment, as the disposition of the summary judgment motion may obviate the need for additional discovery in this case.[1] Before detailing the undisputed facts propelling this dispute, the court notes the means by which the court arrived at the facts for the purposes of resolving the summary judgment motion. The plaintiff is proceeding *pro se* in this litigation and, as is required when moving for summary judgment against a *pro se* litigant, the defendants provided Mr. and Mrs. Derksen with the text of Fed. R. Civ. P. 56(e) & (f) and Civil L.R. 56(a), 56(b) and 7. Additionally, the defendants' motion for summary judgment informed the plaintiff that:

> any factual assertion in the Movant's (Defendant's) affidavits, declaration, or other admissible documentary evidence will be accepted by the Court as being true unless the party unrepresented by counsel submits their own Affidavit(s) or other admissible documentary evidence contradicting the factual assertion.

(Def. Mot. S.J. at 2). The defendants also filed proposed findings of fact, supported by admissible evidence, in support of their motion for summary judgment. (Docket #25). The plaintiffs, in turn, submitted an affidavit to support their brief in opposition to the defendants' motion for summary judgment. (Docket #33). Normally, the court would attempt to resolve what facts remain undisputed after examining both parties' submissions. However, the "crux of the defendants' motion" for summary judgment is an argument that the court lacks subject-matter jurisdiction to hear the case. (Def.'s Reply Br. at 2). When a district court rules upon an issue of subject matter

---

[1] As such, in resolving the motion for summary judgment, the court keeps in mind that the plaintiff has requested the court provide additional time for discovery.

jurisdiction, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *Capitol Leasing Co. v. Fed. Deposit Ins. Corp.,* 999 F.2d 188, 191 (7th Cir. 1993). Accordingly, the court proceeds to examine the factual allegations made in the plaintiffs' amended complaint and ought not, at least initially, look to whether the plaintiff has evidentiary support for the allegations made in the amended complaint.[2]

The underlying facts of the dispute are quite simple. Rausch, on behalf of Citibank, one of the nation's largest banks, filed an action in Wisconsin state court in Fond du Lac county, attempting to collect on a credit card bill owed by Mrs. Derksen to Citibank. A trial occurred in June of 2009, and the following month, the court issued a final judgment in favor of Citibank for the amount of $5,741.05. On October 21, 2009, the plaintiffs filed its amended complaint against the defendants in this court. (Docket #4). The plaintiffs' amended complaint provides a laundry list as to why the means Rausch used to help Citibank collect on Mrs. Derksen's debt was contrary to federal and state debt collection laws. The court scoured the

---

[2] In fact, the court is confused why the defendants let this case drag to the summary judgment stage and did not file a motion to dismiss.

plaintiffs' amended complaint and can conclude that the plaintiffs allege five general infirmities with Rausch's attempts to secure a judgment against Mrs. Derksen.[3]

First, the plaintiffs contend that Rausch violated the law by attempting to collect a debt that was the product of an unlawful contract. *See* Am. Compl. ¶¶ 40-42. Second, and taking up the bulk of the plaintiff's amended complaint, the Derksens broadly allege that Rausch acted unlawfully by attempting to collect on the debt, including pursuing a civil action in state court, without "any verifiable evidence to substantiate the alleged debt."[4] *Id.* at ¶¶ 43-44, 46, 48-49, 52, 56, 68-70, 79. The complaint provides several specific allegations on how the evidence Rausch

---

[3] The court only lists those infirmities that are not wholly conclusory. The Derksens' complaint, however, was replete with conclusory statements. *See, e.g.,* Am. Compl. ¶ 39 ("Defendant Law Firm have violated § 1692d(1) [§ 806(1)] by using the U.S. Mail system to execute a scheme to defraud Derksens concerning an alleged debt"); *see also id.* at ¶ 45 ("Defendant Law Firm have violated § 1692d(1) [§ 806(1)]; § 1692e(4) [§ 807(4)] and Wis. State Act by unjustly filing a civil complaint in an attempt to extort money from Derksens and to do them substantial harm"); *id.* at ¶ 72 (Defendant Law Firm have violated Title 15 U.S.C. § 1692f(1) [§ 808(1)] which broadly prohibits unfair or unconscionable collection means"); *id.* at ¶ 76 ("Defendants have violated 15 U.S.C. § 1692e(10) [§ 807(10)] by falsely implying to the Plaintiff that Defendant Law Firm and Associates had become professionally involved in the collection of this alleged debt and therefore violated sections of §1692d, §§ 1692e and (f) by using false representation or deceptive means to collect, or attempt to collect, a debt."). Such pleadings run afoul of the Federal Rules of Civil Procedure, which require that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)) (emphasis added) (holding that a plaintiff's complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" – that is, "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.")

[4] Related to this broad claim, the Derksens contend that Rausch violated federal and state fair debt collection laws by filing a complaint against Mrs. Derksen even though the law firm allegedly did not have sufficient evidence to file such a complaint. *See* Am. Compl. ¶¶ 58, 70, 73, 77. Likewise, the Derksens contend that Rausch violated the law by attempting to collect the debt in question when the defendants knew that the evidence in support of the collection was lacking. *Id.* at ¶¶ 82, 86. While the plaintiffs attempt to frame their complaint in a number of ways, the ultimate argument the plaintiffs are making with respect to the above-cited paragraphs of their amended complaint is that there is a lack of evidence that Mrs. Derksen owed the underlying debt in question.

presented to the Wisconsin state court was insufficient.[5]  Third, characterizing the defendants' behavior as "false and deceptive," the plaintiffs allege the defendants violated federal and state debt collection laws by "misleading" the plaintiffs before the state court suit commenced by asserting that the Derksens' assets could be "seized" or "garnished" if a judgment was issued against the plaintiffs.  *Id.* at ¶ 72.  Fourth, the plaintiffs allege that, prior to the state court litigation, the defendants "misrepresented" in demand letters sent to the Derksens that the letters were "from an attorney."  *Id.* at ¶ 74.  Fifth, the Derksens allege that the defendants improperly reported credit information for Mrs. Derksen before the state court dispute began, including falsely reporting that Mrs. Derksen's debt was undisputed.[6]  *Id.* at ¶ 83-84.

---

[5] For example, the plaintiffs contend that Rausch attempted to "collect on a debt that is not expressly authorized by any signed agreement." Am. Compl. at ¶ 51. The plaintiffs also complain that Rausch did not prove "the character, amount, or legal status of the debt" in the state court proceeding, *id.* at ¶ 53, or "verify" or "substantiate the actual amount of the debt." *Id.* at ¶¶ 54, 57,59-61.  The warrant for the Derksens' latter claim stems from ¶ 58 of the complaint, which alleges that the defendants violated the law by erroneously relying on a "computer . . . print-out" to prove that the debt existed. *Id.* at ¶ 58.  Additionally, the Derksens allege that Rausch did not present valid evidence proving that there was a "lawful contract" between Citibank and Mrs. Derksen. *Id.* at ¶ 61.  The plaintiffs, both in their complaint and in their submissions to the court in response to the summary judgment motion, take umbrage with the witnesses that Rausch presented to prove that Mrs. Derksen owed a debt to Citibank. *See, e.g.,* Pl.'s Aff. ¶¶ 6-12; *see also* Am. Compl. ¶¶ 62-65. More precisely, the Derksens complain that Rausch failed to produce a witnesses from Citibank to testify, *id.* at ¶ 64, instead providing an employee of Citicorp to testify. *Id.* at ¶ 65.  The plaintiffs also allege that the evidence Rausch presented in state court was inadmissible "under the Wisconsin Rules of Evidence." *Id.* at ¶ 66-67.

[6] Paragraphs 83 and 84 of the plaintiffs' amended complaint were amongst the most difficult for this court to interpret, as the allegations border on the incoherent.  As best the court can tell, the plaintiffs, citing from relevant case law, assert that the defendants failed to accurately report the nature of the debt in question to credit reporting agencies.  The plaintiffs never explain what is meant by their broad assertions in paragraphs 83 and 84, such as providing the slightest detail regarding what the defendants falsely reported.  As a result, the court, interpreting the allegations in a light most favorable to the plaintiff, can only surmise that the plaintiffs are contending that the defendants did not accurately report the nature of the debt to credit reporting agencies.

The first two areas isolated by the plaintiffs in their complaint – that the defendants violated federal and state debt collection laws by: (1) attempting to enforce an illegal contract; and (2) attempting to enforce a debt without sufficient evidence – run smack into the *Rooker-Feldman* doctrine, and, as a consequence, the court lacks subject-matter jurisdiction over those claims. The *Rocker-Feldman* doctrine provides that a federal district court lacks jurisdiction to review the final judgment of a state court in judicial proceedings. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923). Moreover, the doctrine bars federal claims that are "inextricably intertwined" with the underlying state court judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005). When the *Rooker-Feldman* doctrine applies, "the federal courts lack subject matter jurisdiction even if the state court judgment was erroneous or unconstitutional." *Long v. Shorebank Development Corp.*, 182 F.3d 548, 555 (7th Cir. 1999). In this case, having this court rule that the contract between Mrs. Derksen and Citibank was somehow illegal or that there was insufficient evidence to prove that Mrs. Derksen owed a debt to Citibank would necessitate that this court find that the state court erred in entering its judgment. While the Derksens assert that they are "not seeking reversal of the state court judgment" (Pl.'s Resp. Br. ¶ 1), plaintiffs cannot "avoid *Rooker-Feldman* by framing their [Fair Debt Collection Practices Act] claims in terms of defendants' attempts to obtain exactly what the state court awarded to them." *Kelley v. Med-1*

*Solutions, LLC*, 548 F.3d 600 (7th Cir. 2008) (quoting *Bullock v. Credit Bureau of Greater Indianapolis, Inc.*, 272 F. Supp. 2d 780, 783 (S.D. Ind. 2003)).

The court could continue to examine the remaining three general allegations from the Derksens' amended complaint through the lens of the *Rooker-Feldman* doctrine. However, there is a far easier resolution to this case. The remaining three general areas that the plaintiffs' amended complaint isolates with regard to the defendants' violations of federal and state debt collection laws all relate to factual issues that predate the filing of the lawsuit by Rausch in state court on March 12, 2008.[7] The Fair Debt Collection Practices Act only allows for claims to be brought "within one year from the date on which" a violation of the act occurs. 15 U.S.C. § 1692k(d). Similarly, actions brought under the Wisconsin Consumer Act must be brought within one year after the date of the last violation.[8] Wis. Stat. § 425.307. Here, the plaintiffs did not file their original complaint in this court until June 12,

---

[7] In the alternative, even if paragraphs 83 and 84 of the amended complaint allege actions that post-date June 12, 2008 – an issue that is counter-intuitive and far from clear from the plain language of the amended complaint – the plaintiffs have not submitted even the slightest piece of evidence that supports those allegations, such as a credit report that contains false information. Such information would be in the control of the plaintiffs, and not the defendants. As such, the plaintiffs' alleged need for additional discovery time does not warrant denying summary judgment on the allegations made in paragraphs 83 and 84 of the amended complaint even if those allegations regard actions taken after June 12, 2008.

[8] Given that the court does not have jurisdiction over the claims with regard to the judgment issued by the Wisconsin state court, the "last" violation alleged by the plaintiffs are with respect to actions taken prior to March of 2008. The plaintiffs cannot avoid the statute of limitations bar by adding sham violations of the Wisconsin Consumer Act to its complaint.

2009, well after the statute of limitations period expired. (Docket #1). Therefore, the court is obliged to dismiss the case in its entirety.[9]

Accordingly,

**IT IS ORDERED** that plaintiffs' motion for extension of time for discovery and motion to compel (Docket #27) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that defendants' motion for summary judgment (Docket #22) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** with prejudice.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of September, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

---

[9] Given that the courts' ruling has nothing to do with the sufficiency of the evidence provided by the plaintiffs, additional discovery would not salvage the plaintiffs' case. Accordingly, the court will deny the plaintiffs' motion for an extension of time and the motion to compel.